## Bucks County Water and Sewer Authority v. Coates

*Howard T. Gathright,* for plaintiff.

*Mark B. Weber,* for defendant.

GARB, J., October 10, 1972.—This matter was tried before the undersigned in a trial without a jury upon plaintiff's municipal lien claim. Upon hearing held we make the following

### FINDINGS OF FACT

1. Plaintiff herein is a body corporate and politic organized and existing under the laws of the Commonwealth of Pennsylvania, and created by the County of Bucks, under the Municipality Authorities Act of May 2, 1945, P.L. 382, as amended, 53 PS 301, et seq., hereinafter referred to as Authority.

2. Defendant is an individual and the owner of the premises in question located on 14 West Mechanic Street, New Hope, Bucks County, Pa.

3. By virtue of ordinance no. 164, enacted and ordained on August 9, 1965, the duly elected Council of the Borough of New Hope did provide that all occupied buildings in the said borough shall be connected with a certain sewerage system then constructed in the streets of the said borough by the Authority.

4. By virtue of resolution enacted and ordained on September 13, 1965, by the duly elected Council of the Borough of New Hope, certain rates were set forth for the use of the aforesaid sewerage system.

5. The property owned by defendant herein at all times relevant hereto is improved by a certain building containing three commercial shops and seven apartments with various kitchens and bathrooms, all of which discharge sewerage waste.

6. On or about November 9, 1966, defendant did pay the requisite fee and was thereupon given a permit; as a result of which he did cause his property to be hooked into the sewerage system at two points

in the main trunkline in the street immediately to the front of his property.

7. Defendant chose the points at which he hooked into the sewerage system and could have chosen any point in the trunkline along the curb immediately to the front of his property on Mechanic Street.

8. The two points at which defendant elected to hook into the sewerage system are at points where the elevation of the trunkline is higher than the elevation of some of the sanitary facilities on defendant's property, which results in an inability to get gravity flow of sewerage from defendant's property to the trunkline, requiring that he pump the sewerage into the main line.

9. Defendant could have selected a point in the trunkline of the sewerage system whereby the elevation of said trunkline would have been such as to permit gravity flow of all sewerage from his property to the sewerage system.

10. The sewerage system became operable as relevant hereto on October 1, 1967, and the rates charged as fixed by the Authority from that date until October 1, 1972, amounted to $4,475.89, total. To date, defendant has paid nothing on account of the sewerage rental fees.

## DISCUSSION

Simply stated, the facts as we find them to exist are such as to make this an easy case for disposition. Clearly, defendant's property is serviced by and benefited by the sewerage system and, therefore, it is appropriate that he be charged and required to pay sewerage rental fees. See Bucks County Water and Sewer Authority v. Robin, 53 D. & C. 2d 15, 21 Bucks Co. L. Rep. 125 (1971). Likewise, in view of the findings of fact as made herein, we do not have to decide

the possibly vexing question of whether he is liable for payment for the use of the service where it is required that he actively pump his sewerage into the system, whereas most other property owners are able to acquire access to the system by gravity. Compare Ellport Borough v. Hogue, 34 D. & C. 2d 439 (1964) and Upper Yoder Township Authority v. Gregory, 35 D. & C. 2d 96 (1964).*

We accept the testimony of Albert W. Beyer, who was the Administrative Assistant to the Executive Director of the Authority up to September 30, 1972. It was his testimony that there was a point down hill from the manhole directly in front of the property where the trunkline ran to a depth of 11½ feet below the road surface at which point defendant's property could be gravity drained. Considering that defendant had the option of choosing the point of tie-in, he could just as well have chosen this point and, therefore, obviated the need for any pumping devices. He chose not to do so and should not now be heard to complain of the inequity of pumping his sewerage. Therefore, we conclude that judgment must be entered in favor of the Authority and against defendant for sewer rental from October 1, 1967, to October 1, 1972, in the amount of $4,475.89, plus interest.

---

* These cases are distinguishable, we believe, because in each the question for determination was whether under circumstances similar to those in the case before us the property owner is liable for the payment of his assigned share of the cost of construction of the sewer system. In each, the court held that although he could not acquire gravity feed into the system, his property was nonetheless benefited by the system and, therefore, required to pay the assessment for construction. However, that is a different question from the one before us of whether such a property owner is liable for the cost for the use of the system.

## ORDER

And now, to wit, October 10, 1972, the Prothonotary of Bucks County is hereby directed to enter judgment in favor of plaintiff and against defendant in the sum of $4,475.89, plus interest, with costs on defendant.